**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

YORDANOS LUEL BERHE                           CIVIL ACTION NO. 26-0711

VERSUS                                        JUDGE S. MAURICE HICKS, JR.

U.S. IMMIGRATION & CUSTOMS                    MAGISTRATE JUDGE MCCLUSKY
ENFORCEMENT


**MEMORANDUM ORDER**

Before the Court is an Emergency Motion for Temporary Restraining Order (Record Document 14) filed by Petitioner Yordanos Luel Berhe ("Petitioner").[1]  Petitioner is a native and citizen of Ethiopia.  See Record Document 14 at 2.  She entered the United States on or about December 25 or 26, 2024.  See Record Document 1-2 at 3.  She was taken into Immigration and Customs ("ICE") custody on that same date.  See Record Document 4 at 1.  On August 13, 2025, Petitioner was ordered removed to Ethiopia.  See Record Document 4-1 at 2.  Her request for asylum/withholding/convention against torture was denied.  See id. at 1.  Her withholding of removal under INA § 241(b)(3) was granted.  See id.

On April 13, 2026, Petitioner appeared before the Executive Office for Immigration Review Court and sought release from custody.  See Record Document 14 at 3-4.  During this hearing, ICE indicated that it intended to remove Petitioner to Cameroon.  See id. at 4.  The immigration judge indicated that ICE had 18 days to effectuate removal.  See id.

---

[1] Petitioner filed a Motion for Temporary Restraining Order (Record Document 11) that was deficient.  The instant motion corrected the deficiency.  Thus, the deficient Motion for Temporary Restraining Order (Record Document 11) is **DENIED AS MOOT**.

On April 24, 2026, Petitioner submitted a reasonable fear interview request, indicating grave concerns about removal to Cameroon. See id. at 2. She has not sat for an interview at this time. See id.

In her pending Habeas Petition (Record Documents 1 & 4), Petitioner seeks immediate release "as it is not lawful to keep [her] detained more than 6 months after [she has] been granted withholding of removal." Record Document 1 at 7. In the instant Emergency Motion for Temporary Restraining Order, counsel for Petitioner outlined that Respondents appear to be in the process of removing Petitioner; thus, she is petitioning this Court to restrain Respondents from removing her from the United States while she seeks due process review of her claim of fear of removal to Cameroon. See Record Document 14 at 1. Petitioner is asking this Court to stay her removal order.

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Ctr., 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, No. 1:25-

cv-00706, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

A request for stay of removal is a challenge to a removal order. See Imran v. Harper, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026), citing In re Asemani, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order). The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." Id., citing Humphries v. Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g) (internal quotations omitted). Thus, this Court is without jurisdiction to grant Petitioner's request to restrain Respondents from removing her from the United States while she seeks due process review of her claim of fear of removal to Cameroon. See id., citing Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that district court was without jurisdiction to grant stay of removal under § 1252(g)); Idokogi v. Ashcroft, 66 F. App'x 526, 526 (5th Cir. 2003) (same); see also Westley v. Harper, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025).

Accordingly, Petitioner's Emergency Motion for Temporary Restraining Order (Record Document 14) is **DENIED** because the Court lacks jurisdiction.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 1st day of May, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE